UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR BRYANT,

        Plaintiff,

v.

JOHN LOVICK, SNOHOMISH COUNTY CORRECTIONS,

        Defendant.

Case No. C09-1565-TSZ-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Pro Se plaintiff, Victor Bryant, has brought an action pursuant to 42 U.S.C. § 1983. Dkt. 1. He alleges he was held at the Snohomish County Jail one day beyond his release date in violation of the Eighth Amendment. *Id.* The sole defendant named in his complaint is "Director John Lovick of the Snohomish County Jail." *Id.* at 1. On December 28, 2009, defendant filed a motion for summary judgment in which he contends (1) plaintiff was released on the proper date, (2) defendant is not liable in his personal capacity because he had no personal involvement, and (3) defendant is not liable in his official capacity because plaintiff has failed to state a claim for municipal liability. Dkt. 4. Plaintiff has not filed a response.

The matter has been referred to United States Magistrate Judge Brian A. Tsuchida. Dkt. 7. After careful consideration of the motion, supporting materials, governing law, and the balance of the record, the Court recommends that defendant's motion for summary judgment be **GRANTED**

REPORT AND RECOMMENDATION – 1

and plaintiff's case be **DISMISSED** with prejudice.

## II. BACKGROUND

The parties agree that "on July 23, 2009, the plaintiff received 30 days for a department of corrections violations with a start date for credit for time served since July 14, 2009." Dkt. 1 at 2-3; Dkt. 4 at 2-3. The parties also agree that Snohomish County Jail ("the jail") staff determined plaintiff qualified for a one-third reduction for good time, leaving plaintiff with 20 days to serve. *Id.* Based on this calculation, the jail released plaintiff on August 3, 2009 at 6:13 a.m.

Plaintiff contends that he completed his 20 day jail sentence on August 2, 2009 and that he was held in jail one day beyond his release date in violation of the Eighth Amendment. Dkt. 1 at 3. This claim is based on counting July 14, 2009 as day one, July 15, 2009 as day two, all the way to August 2, 2009, the twentieth day. Defendant contends that pursuant to Department of Corrections ("DOC") policies and procedures, plaintiff's release date was August 3, 2009. This calculation is based on day one beginning on July 14, 2009 but ending on July 15, 2009. Based on this, defendant contends plaintiff "completed one day served on July 15, two days served on July 16 . . . all the way until twenty days served on August 3, 2009." Dkt. 5 at 4.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). That genuine issue of fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*.

When applying these standards, the Court must draw all reasonable inferences in favor of the non-moving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy his burden of persuasion at trial. *Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001).

Once this has occurred, the procedural burden shifts to the party opposing summary judgment. That party must go beyond the pleadings and affirmatively establish a genuine issue on the merits of his case. Fed. R. Civ. P. 56(e). The nonmoving party must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute. *Anderson*, 477 U.S. at 252. To avoid summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party must demonstrate that the disputed fact is material, and that the dispute is genuine. *Anderson*, 477 U.S. at 248-49.

The nonmoving party's failure of proof "renders all other facts immaterial," creating no genuine issue of fact and thereby entitling the moving party to the summary judgment it sought. *Celotex Corp.*, 477 U.S. at 323. However, if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment may not be granted. *Anderson*, 477 U.S. at 250.

Plaintiff's claims are made pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or

REPORT AND RECOMMENDATION – 3

created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## IV.  DISCUSSION

### A.  Plaintiff Has Failed To Establish He Was Held Beyond His Release Date

The parties agree that plaintiff's confinement began on July 14, 2009. Defendant avers that plaintiff was serving a sentence for a DOC violation and that the Snohomish County Jail was required to calculate plaintiff's good time and release date in accordance with DOC requirements. Dkt. 5 (Declaration of Patricia Pendry). Defendant avers plaintiff's release date of August 3, 2009 was in accordance with DOC policies and procedures and therefore correct. Pursuant to DOC policy, defendant avers plaintiff's first day of confinement began on July 14, 2009 and was completed on July 15, 2009. With day one of confinement ending on July 15, 2009, defendant contends plaintiff's twentieth and last day of confinement was end of day, August 3, 2009. *Id.* at 4-5.

To avoid summary judgment, plaintiff must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff, however, has not responded to the summary judgment motion, has not shown his method of counting days served in jail is correct, has not shown defendant's method of counting days served in jail is incorrect, and has not shown defendant's incorrectly applied the DOC release policies. Plaintiff's failure of proof "renders all other facts immaterial," and entitles defendant to summary judgment. *Celotex Corp.*, 477 U.S. at 32. Accordingly, the Court concludes summary should be granted.

### B.  Plaintiff has Failed to State A Claim For Relief

Even if the Court were to adopt plaintiff's method of counting days served in jail, the

REPORT AND RECOMMENDATION – 4

complaint should be dismissed for failure to state a claim. As discussed below, under plaintiff's method of counting days, plaintiff's release was delayed 6 hours, a delay which the Court concludes is not sufficiently serious to violate the Eighth Amendment.

Plaintiff claims he served his first full day of imprisonment on July 14, 2009, i.e., the sentence began at 12:00 a.m. on the July 14 and ended at 12:00 a.m. on July 15. Under this method of counting days served, plaintiff could not be released until 12:00 a.m. on August 3, 2009, when the twentieth day of his sentence was completed. Any earlier release would mean plaintiff served less than the full 20 days required

Plaintiff was released at 6:13 a.m. on August 3, 2009. Dkt. 5 at 4. This six hour delay does not violate the Eighth Amendment. To be sure, it is well recognized that "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of "deliberate indifference" to the prisoner's liberty interest." *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). But the Eighth Amendment requires something more than de minimus incarceration beyond a prisoner's proper sentence. This flows from the nature of the protections afforded by the constitution. Not every injury suffered by a prisoner translates into constitutional liability for the official responsible. Rather an official violates the Eighth Amendment only where the deprivation is objectively sufficiently serious and where the official acts with a sufficiently culpable mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Negligence cannot form the basis of a § 1983 claim. *See Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.").

Delays in release that have been found to violate the Eighth Amendment have all involved delays far exceeding the six hours here. *See Haygood v. Younger*, at 1354 (five year detention

beyond termination of sentence); *Campbell v. Illinois Dept. of* Corrections, 907 F. Supp. 1173, 1180 (N.D. Ill. 1995) (imprisoned two years beyond his legal release date); *Sample v. Diecks*, 885 F.2d 1099, 1109 (3rd Cir.1989) (eighth amendment violated by nine-month detention beyond the expiration date); *Russell v. Lazar*, 300 F. Supp. 2d 716 (E.D. Wis. 2004) (65 days beyond release date); *see also Calhoun v. New York State Div. of Parole* Officers, 999 F.2d 647, 654 (2nd Cir. 1993) (five-day extension of release date did not inflict "a harm of a magnitude" that violates a person's eighth amendment rights)

Accordingly, the Court concludes that six hours is insufficiently serious to constitute a violation of the Eighth Amendment and that the complaint should be dismissed for failing to state a cause of action.

**C. Plaintiff Has Failed To Establish Individual or Municipal Liability**

The Complaint should also be dismissed because plaintiff has not established defendant is liable in either his personal or official capacity. "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing the official caused the alleged constitutional injury. *Id.* at 166.

Here, plaintiff alleges defendant is responsible for plaintiff's release date. However, plaintiff presents nothing showing defendant was actually involved in determining plaintiff's release date. Plaintiff's claim that defendant is responsible should therefore be dismissed as an unsupported conclusory allegation. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Moreover, defendant contends that he did not himself calculate or have any part in calculating plaintiff's release date, a contention that is unrebutted. Dkt. 6

(Declaration of John Lovick).

Additionally, the fact that defendant, as jail director, may have some supervisory authority over jail staff responsible for calculating release dates is not a basis for liability. A defendant cannot be found liable under § 1983 solely on the basis of supervisory liability or respondeat superior. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009); *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 691 (1978). In a § 1983 claim, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007) (*quoting Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)). Plaintiff must plead facts showing that defendant, through his own actions, has violated the Constitution. *Ashcroft*, 129 S.Ct. at 1948. Plaintiff has failed to do so. Accordingly plaintiff's claims that defendant is liable in his personal capacity should be dismissed.

In contrast to personal-capacity suits, official capacity suits are treated as a claim against the entity itself. *Kentucky v. Graham* at 166. A municipality is liable in a § 1983 action only when the municipality inflicts an injury; it may not be held liable under a respondeat superior theory. *Monell,* 436 U.S. at 694.

To hold a municipality liable for a constitutional injury, a plaintiff must show that the municipality itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690).

Defendant argues, and the Court agrees, that plaintiff has presented no evidence that a

REPORT AND RECOMMENDATION – 7

policy of Snohomish County caused his claimed constitutional injury. As plaintiff has not identified a particular omission or deficiency in Snohomish County's policies or procedures or that any deficiency caused the harm of which he complains, he has failed to establish that defendant is liable in his official capacity.[1]

## CONCLUSION

For the reasons set forth above, the Court recommends that defendant's motion for summary judgment be **GRANTED** and that plaintiff's claim against defendant be **DISMISSED**. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of February, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] Defendant asks the Court to count this action as a "strike" under 28 U.S.C. § 1915(g) because it is frivolous. Dkt. 4 at 12. Section 1915(g) places limits on a prisoner's ability to file actions in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Plaintiff was not incarcerated when he brought this action, nor did he file it in this court. Defendant removed this action from Snohomish County Superior Court. Dkt. 1. Accordingly, this action does not count as a § 1915(g) "strike."

REPORT AND RECOMMENDATION – 8